MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARIA DE LOURDES PEREA LUCERO,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
|  | **COMPLAINT** |
| *Plaintiff*, |  |
|  | **COLLECTIVE ACTION UNDER** |
| -against- | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |

YOUR BEAUTIFUL THREADING SALON,
INC.  (D/B/A BEAUTIFUL BROWS
THREADING & NAILS), 1003 SWEET
GIRL INC.  (D/B/A BEAUTIFUL NAIL AND
SPA), BEAUTIFUL BROWS, INC.  (D/B/A
BEAUTIFUL BROWS), ROXANNE DOE ,
SULEMA DOE , and RYMA DOE ,

*Defendants.*
--------------------------------------------------------X

Plaintiff Maria de Lourdes Perea Lucero ("Plaintiff Perea" or "Ms. Perea"), individually

and on behalf of others similarly situated, by and through her attorneys, Michael Faillace &

Associates, P.C., upon her knowledge and belief, and as against Your Beautiful Threading Salon,

Inc.  (d/b/a Beautiful Brows Threading & Nails), 1003 Sweet Girl Inc. (d/b/a Beautiful Nail and

Spa), Beautiful Brows, Inc. (d/b/a Beautiful Brows), ("Defendant Corporations"), Roxanne Doe,

Sulema Doe, and  Ryma Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as

follows:

**NATURE OF ACTION**

1.      Plaintiff Perea is a current employee of Defendants Your Beautiful Threading Salon, Inc.  (d/b/a Beautiful Brows Threading & Nails), 1003 Sweet Girl Inc. (d/b/a Beautiful Nail and Spa), Beautiful Brows, Inc. (d/b/a Beautiful Brows), Roxanne Doe, Sulema Doe, and Ryma Doe.

2.       Defendants own, operate, or control three beauty salons, located at 1526 Westchester Ave, Bronx, NY 10472 under the name "Beautiful Brows Threading & Nails", at 1003 Southern Blvd, Bronx, NY 10459 under the name "Beautiful Nail and Spa", and at 815 E Tremont Ave., Bronx, NY 10460 under the name "Beautiful Brows".

3.      Upon information and belief, individual Defendants Roxanne Doe, Sulema Doe, and Ryma Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the salons as a joint or unified enterprise.

4.      Plaintiff Perea has been employed as a manicurist and a pedicurist at the salons located at 1526 Westchester Ave, Bronx, NY 10472, at 1003 Southern Blvd, Bronx, NY 10459, and at 815 E Tremont Ave., Bronx, NY 10460.

5.      Plaintiff Perea has ostensibly been employed as a manicurist and pedicurist. However, she has been required to spend a considerable part of her work day performing non-tipped duties, including but not limited to cleaning floor, refilling and washing the recipients, taking out trash, cleaning the bathrooms, sweeping and mopping. (Hereinafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Perea has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she has worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Perea appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants have employed and accounted for Plaintiff Perea as a manicurist and pedicurist in their payroll, but in actuality her duties have required a significant amount of time spent performing the non-tipped duties alleged above.

9.      Regardless, at all relevant times, Defendants have paid Plaintiff Perea at a rate that is lower than the required tip-credit rate.

10.      However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Perea's non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.      Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Perea's actual duties in payroll records by designating her as a manicurist and pedicurist instead of as a non-tipped employee. This has allowed Defendants to avoid paying Plaintiff Perea at the minimum wage rate and has enabled them to pay her at the tip-credit rate (which they still have failed to do).

12.      Defendants' conduct has extended beyond Plaintiff Perea to all other similarly situated employees.

13.      At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Perea and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.      Plaintiff Perea now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff Perea seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Perea's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate three beauty salons located in this district. Further, Plaintiff Perea has been employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.     Plaintiff Maria de Lourdes Perea Lucero ("Plaintiff Perea" or "Ms. Perea") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Perea has been employed by Defendants at "Beautiful Brows" from approximately June 2013 until on or about the present date.

20.     Plaintiff Perea consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.     At all relevant times, Defendants own, operate, or control three beauty salons, located at 1526 Westchester Ave, Bronx, NY 10472 under the name "Beautiful Brows Threading & Nails",

at 1003 Southern Blvd, Bronx, NY 10459 under the name "Beautiful Nail and Spa", and at 815 E

Tremont Ave., Bronx, NY 10460 under the name "Beautiful Brows".

22.     Upon information and belief, "Your Beautiful Threading Salon, Inc."  (d/b/a

Beautiful Brows Threading & Nails) is a domestic corporation organized and existing under the laws

of the State of New York. Upon information and belief, it maintains its principal place of business

at 1526 Westchester Ave, Bronx, NY 10472 (hereinafter the "Westchester Avenue" location).

23.     Upon information and belief, "1003 Sweet Girl Inc." (d/b/a Beautiful Nail and Spa)

is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 1003 Southern Blvd, Bronx,

NY 10459 (hereinafter the "Southern Blvd location").

24.     Upon information and belief, "Beautiful Brows, Inc." (d/b/a Beautiful Brows) is a

domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 815 E Tremont Ave., Bronx,

NY 10460 (hereinafter the "Tremont Avenue" location).

25.     Defendant Roxanne Doe is an individual engaging (or who was engaged) in business

in this judicial district during the relevant time period. Defendant Roxanne Doe is sued individually

in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Roxanne Doe

possesses operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, and controls significant functions of Defendant Corporations. She determines the

wages and compensation of the employees of Defendants, including Plaintiff Perea, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire

employees.

26.     Defendant Sulema Doe is an individual engaging (or who was engaged) in business

in this judicial district during the relevant time period. Defendant Sulema Doe is sued individually

in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sulema Doe

possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Perea, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Ryma Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ryma Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Ryma Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Perea, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

28.     Defendants operate three beauty salons located in multiple neighborhoods in The Bronx, New York.

29.     Individual Defendants, Roxanne Doe, Sulema Doe, and Ryma Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Perea's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Perea, and all similarly situated individuals, referred to herein.

- 6 -

32.     Defendants jointly employed Plaintiff Perea (and all similarly situated employees) and are Plaintiff Perea's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Perea and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Roxanne Doe and Sulema Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants have been Plaintiff Perea's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire

Plaintiff Perea, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Perea's services.

36.     In each year from 2013 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the salons on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

38.     Plaintiff Perea is a current employee of Defendants who ostensibly has been employed as a manicurist and a pedicurist. However, she had spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Perea seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Maria de Lourdes Perea Lucero

40.     Plaintiff Perea has been employed by Defendants from approximately June 2013 until on or about the present date.

41.     Defendants have ostensibly employed Plaintiff Perea as a manicurist and pedicurist.

42.     However, Plaintiff Perea has also been required to spend a significant portion of her work day performing the non-tipped duties described above.

43.     Although Plaintiff Perea has ostensibly been employed as a manicurist and pedicurist, she has spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

44.     Plaintiff Perea has regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

45.     Plaintiff Perea's work duties have required neither discretion nor independent judgment.

46.     Throughout her employment with Defendants, Plaintiff Perea has regularly worked in excess of 40 hours per week.

47.     From approximately June 2013 until on or about June 2014, Plaintiff Perea worked at the Westchester Avenue location from approximately 10:00 a.m. until on or about 8:00 p.m. to 8:15 p.m., 4 days a week and from approximately 10:00 a.m. until on or about 8:30 p.m., 3 days a week (typically 71.5 to 72.5 hours per week).

48.     From approximately July 2014 until on or about September 2017, Plaintiff Perea worked at all locations from approximately 10:00 a.m. until on or about 8:00 p.m. to 9:00 p.m., 4 days and from approximately 10:00 a.m. until on or about 8:30 p.m., 3 days a week (typically 71.5 to 75.5 hours per week).

49.     From approximately September 2017 until on or about December 2017, Plaintiff Perea worked Tremont Avenue location from approximately 10:00 a.m. until on or about 8:00 p.m. to 8:15 p.m., 6 days a week (typically 60 to 61.5 hours per week).

50.     From approximately January 2018 until on or about February 2018, Plaintiff Perea worked at the Tremont Avenue location from approximately 10:00 a.m. until on or about 8:00 p.m. to 8:15 p.m., 5 days a week and from approximately 11:00 a.m. until on or about 6:00 p.m., one day a week (typically 57 to 58.25 hours per week).

51.     From approximately March 2018 until on or about April 2018, Plaintiff Perea worked at the Tremont Avenue location from approximately 10:00 a.m. until on or about 8:15 p.m., 3 days a week and from approximately 8:00 a.m. until on or about 8:30 p.m., 3 days a week (typically 68.25 hours per week).

52.     From approximately May 2018 until on or about August 2018, Plaintiff Perea worked at the Tremont Avenue location from approximately 10:00 a.m. until on or about 8:15 p.m., 4 days

a week and from approximately 10:00 a.m. until on or about 8:30 p.m., 3 days a week (typically 72.5 hours per week).

53.     From approximately September 2018 until on or about September 22, 2018, Plaintiff Perea worked at the Tremont Avenue location from approximately 10:00 a.m. until on or about 8:15 p.m., 3 days a week  and from approximately 10:00 a.m. until on or about 8:30 p.m., 3 days a week (typically 62.25 hours per week).

54.     From approximately September 23, 2018 until on or about the present date, Plaintiff Perea has worked at the Tremont Avenue location from approximately 10:00 a.m. until on or about 8:15 p.m., 5 days a week and from approximately 11:00 a.m. until on or about 6:00 p.m., 1 day a week (typically 58.25 hours per week).

55.     Throughout her employment, Defendants have paid Plaintiff Perea her wages in cash.

56.     From approximately June 2013 until on or about June 2018, Defendants paid Plaintiff Perea a fixed salary of $70 per day .

57.     From approximately July 2018 until the present date, Defendants have paid Plaintiff Perea a fixed salary of $80 per day.

58.     Defendants have never granted Plaintiff Perea any breaks or meal periods of any kind.

59.     Plaintiff Perea has never been notified by Defendants that her tips are being included as an offset for wages.

60.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Perea's wages.

61.     Plaintiff Perea has not been required to keep track of her time, nor to her knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflects her actual hours worked.

62.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Perea regarding overtime and wages under the FLSA and NYLL.

63.     Defendants have never provided Plaintiff Perea an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants have never given any notice to Plaintiff Perea, in English and in Spanish (Plaintiff Perea's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants have required Plaintiff Perea to purchase "tools of the trade" with her own funds—including four or five nail nippers per month, three clippers every month, and other cuticle/nail utensils.

*Defendants' General Employment Practices*

66.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Perea (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

67.     Plaintiff Perea has been a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she has been owed for the hours she has worked.

68.     Defendants' pay practices have resulted in Plaintiff Perea not receiving payment for all her hours worked, and have resulted in Plaintiff Perea's effective rate of pay falling below the required minimum wage rate.

69.     Defendants have habitually required Plaintiff Perea to work additional hours beyond her regular shifts but have not provided her with any additional compensation.

70.     Defendants have required Plaintiff Perea and all other manicurists and pedicurists to perform general non-tipped tasks in addition to their primary duties as manicurists and pedicurists.

71.      Plaintiff Perea and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.      Plaintiff Perea's duties have not been incidental to her occupation as a tipped worker, but instead have constituted entirely unrelated general salon work with duties, including the non-tipped duties described above.

73.      Plaintiff Perea and all other tipped workers have been paid at a rate that is lower than the lower tip-credit rate by Defendants.

74.      However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiff Perea's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.      New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.      In violation of federal and state law as codified above, Defendants have classified Plaintiff Perea and other tipped workers as tipped employees, and have paid them at a rate that is lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.      Defendants have failed to inform Plaintiff Perea who receive tips that Defendants intended to take a deduction against Plaintiff Perea's earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.      Defendants have failed to inform Plaintiff Perea who received tips, that her tips are being credited towards the payment of the minimum wage.

79.     Defendants have failed to maintain a record of tips earned by Plaintiff Perea who has worked as a manicurist and pedicurist for the tips she received.

80.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

81.     Defendants have paid Plaintiff Perea her wages in cash.

82.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Perea (and similarly situated individuals) have worked, and to avoid paying Plaintiff Perea properly for her full hours worked.

84.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

85.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Perea and other similarly situated former workers.

86.     Defendants have failed to provide Plaintiff  Perea and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87.      Defendants have failed to provide Plaintiff Perea and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88.      Plaintiff Perea brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

89.      At all relevant times, Plaintiff Perea and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

90.      The claims of Plaintiff Perea stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91.      Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants have been Plaintiff Perea's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiff Perea (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

93.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

94.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95.     Defendants have failed to pay Plaintiff Perea (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

96.     Defendants' failure to pay Plaintiff Perea (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiff Perea (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98.     Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Perea (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiff Perea (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

101.     Plaintiff Perea (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.      Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth herein.

103.     At all times relevant to this action, Defendants have been Plaintiff Perea's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiff Perea, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

104.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Perea less than the minimum wage.

105.     Defendants' failure to pay Plaintiff Perea the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

106.     Plaintiff Perea has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

107.      Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth herein.

108.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Perea overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.     Defendants' failure to pay Plaintiff Perea overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

110.     Plaintiff Perea has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

111.     Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth herein.

112.     Defendants have failed to provide Plaintiff Perea with a written notice, in English and in Spanish (Plaintiff Perea's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.     Defendants are liable to Plaintiff Perea in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

114.     Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth herein.

115.     With each payment of wages, Defendants have failed to provide Plaintiff Perea with an accurate statement listing each of the following: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.     Defendants are liable to Plaintiff Perea in the amount of $5,000, together with costs

and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

117.      Plaintiff Perea repeats and realleges all paragraphs above as though fully set forth

herein.

118.     Defendants have required Plaintiff Perea to pay, without reimbursement, the costs

and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29

C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

119.     Plaintiff Perea has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perea respectfully requests that this Court enter judgment against

Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in

this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perea and the FLSA Class members;

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perea and the FLSA Class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Perea's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Perea and the FLSA Class members;

(f)      Awarding Plaintiff Perea and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Perea and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perea;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perea;

(j)      Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Perea's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Perea;

(l)     Awarding Plaintiff Perea damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Perea damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Perea liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Perea and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Perea and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Perea demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 11, 2018

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                   By:     /s/ Michael Faillace
                           Michael Faillace [MF-8436]
                           60 East 42nd Street, Suite 4510

New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

October 10, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maria de Lourdes Perea Lucero

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Maria Perea*

Date / Fecha:                     10 de Octubre, 2018

*Certified as a minority-owned business in the State of New York*