Pat Bcheschayan, Esq.
Pitchayan & Associates, P.C.
72-30 Broadway - 3rd Floor
Jackson Heights, New York 11372
Phone: 718-478-9272
*Attorneys for Defendants*
*Your Beautiful Threading salon, Inc. and*
*Beautiful Brows, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MARIA DE LOURDES PEREA LUCERO,** individually and on behalf of other similarly situated<br><br>**Plaintiff,**<br><br>-against-<br><br>**YOUR BEAUTIFUL THREADING SALON, INC. (D/B/A BEAUTIFUL BROWS THREADING & NAILS), 1003 SWEET GIRL INC. (D/B/A BEAUTIFUL NAIL AND SPA), BEAUTIFUL BROWS, INC. (D/B/A BEAUTIFUL BROWS), ROXANNE DOE; SULEMA DOE, and RYMA DOE,**<br><br>**Defendants.** | Case No.: **18-cv-09323-PGG**<br><br>**ANSWER TO COMPLAINT** |

Defendants, Your Beautiful Threading salon, Inc. and Beautiful Brows, Inc. (hereinafter, collectively the "Defendants") through their attorneys, hereby answer the Complaint (the "Complaint") of Plaintiff as follows:

### NATURE OF ACTION

1.  Admit Plaintiff was an employee of Your Beautiful Threading salon, Inc. and Beautiful Brows, Inc. and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1 of the Complaint.

2.  Deny the allegations contained in paragraph 2 of the Complaint.
3.  Deny the allegations contained in paragraph 3 of the Complaint.
4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Deny the allegations set forth in paragraph 5 to 13 of the Complaint.

6. Deny the allegations contained in paragraph 14 of the Complaint, except neither admit nor deny such allegations to the extent they state Plaintiff's purported purpose in commencing this action or purport to set forth the legal basis for claims against Defendants.

7. Deny the allegations contained in paragraph 15 of the Complaint, except neither admit nor deny such allegations to the extent they state Plaintiff's purported intention to certify this action.

## JURISDICTION AND VENUE

8. Neither admit or deny the allegations in paragraph 16, as no response is needed to the extent they call for a legal conclusion.

9. Deny that Defendants operate three beauty salons located in this district and neither admit or deny the remainder of the allegations in paragraph 17 to the extent they call for a legal conclusion.

## PARTIES

10. Admit that Plaintiff is an adult individual, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph number 18 of the Complaint.

11. Deny knowledge or information to form a belief as to truth of the allegation set forth in paragraph 19 that Plaintiff was employed by all named defendants for the period stated, and deny that that Plaintiff began his employment with Defendants from June 2013.

12. Deny that Plaintiff is a representative party of a prospective class of similarly situated individuals, and neither admits or denies the remainder of the allegations set forth in paragraph number 20 of the Complaint.

13. Deny the allegations set forth in paragraph number 21 of the Complaint.

14. Admit that Your Beautiful Threading Salon, Inc. is a corporation organized and existing under the laws of the State of New York and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

16. Admit that Beautiful Brow, Inc. is a corporation organized and existing under the laws of the State of New York and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 25-27 of the Complaint.

## FACTUAL ALLEGATIONS

18. Deny the allegations set forth in paragraphs number 28-31 of the Complaint.

19. Paragraph 32 contains legal arguments and conclusions to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

20. Paragraph 33 contains legal arguments and conclusions to which no response

is required. To the extent a response is required, admit that Defendants were Plaintiff's employer and deny the remaining allegations.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

22. Paragraph 35 contains legal arguments and conclusions to which no response is required. To the extent a response is required, admit that Defendants were Plaintiff's employer and deny the remaining allegations.

23. Deny the allegations set forth in paragraph number 36 of the Complaint.

24. Paragraph 37 contains legal arguments and conclusions to which no response is required. To the extent a response is required, admit that Allstate used sandpaper in its business and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

25. Admit that Plaintiff was formerly employed by Defendants, but deny the remainder of the allegations set forth in paragraph 38.

26. Paragraph 39 contains legal arguments and conclusions to which no responses is required. To the extent a response is required, deny Plaintiff is similarly situated to any other individual employed by Defendants.

27. Deny that Plaintiff began her employment with Defendants in June 2013 and deny knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 40.

28. Admit that Plaintiff was employed by Defendants but deny the remainder of the allegations set forth in paragraph 41.

29. Deny the allegations set forth in paragraph 42 of the Complaint.

30. Deny the allegations set forth in paragraph 43 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

32. Deny the allegations set forth in paragraph 45 of the Complaint.

33. Deny the allegations set forth in paragraph 46 of the Complaint.

34. Deny that Plaintiff consistently worked for the period stated in paragraphs 47-54 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47-54.

35. Deny the allegations set forth in paragraphs 55-65 of the Complaint.

36. Deny the allegations set forth in paragraphs 66-73 of the Complaint.

37. Paragraphs 74-75 contain legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraphs 74-75.

38. Deny the allegations set forth in paragraphs 76-87 of the Complaint.

## FLSA COLLECTIVE ACTION CLAIM

39. Paragraphs 88-90 contain legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraph 88-90.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

40. Paragraph 91 contains statements to which no response is required. To the extent a response is required, Defendants repeat and reassert each response in paragraphs 1-39 as if fully set forth herein.

41. Paragraphs 92-97 contain legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraphs 92-97.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

42. Paragraph 98 contains statements to which no response is required. To the extent a response is required, Defendants repeat and reassert each response in paragraphs 1-41 as if fully set forth herein.

43. Paragraphs 99-101 contain legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraphs 99-101.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

44. Paragraph 102 contains statements to which no response is required. To the extent a response is required, Defendants repeat and reassert each response in paragraphs 1-43 as if fully set forth herein.

45. Paragraphs 103-106 contain legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in

paragraphs 103-106.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAW

46. Paragraph 107 contains statements to which no response is required. To the extent a response is required, Defendants repeat and reassert each response in paragraphs 1-45 as if fully set forth herein.

47. Paragraphs 108-110 contain legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraphs 108-110.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF
## THE NEW YORK LABOR LAW

48. Paragraph 111 contains statements to which no response is required. To the extent a response is required, Defendants repeat and reassert each response in paragraphs 1-47 as if fully set forth herein.

49. Paragraph 112 contains legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraph 112.

50. Deny the allegations set forth in paragraph 113 of the Complaint.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF
## THE NEW YORK LABOR LAW

51. Paragraph 114 contains statements to which no response is required. To the

extent a response is required, Defendants repeat and reassert each response in paragraphs 1-50 as if fully set forth herein.

52. Paragraph 115 contains legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraph 115.

53. Deny the allegations set forth in paragraph 116 of the Complaint.

### SEVENTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

54. Paragraph 117 contains statements to which no response is required. To the extent a response is required, Defendants repeat and reassert each response in paragraphs 1-50 as if fully set forth herein.

55. Paragraph 118 contains legal arguments and conclusions to which no response is required. To the extent that a response is required, deny the allegations set forth in paragraph 118.

56. Paragraph 119 contains legal arguments and conclusions to which no response is required. To the extent that a response is required, deny that Plaintiff was damaged by Defendants.

### FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state any claim against Defendants for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

58. Plaintiff, by her conduct, has waived any and all claims she may have had against

Defendants.

### THIRD AFFIRMATIVE DEFENSE

70. Plaintiff's claims against Defendants are barred by the doctrines of waiver and estoppel, unclean hands and/or the entire controversy doctrine.

### FOURTH AFFIRMATIVE DEFENSE

71. Plaintiff is not a proper representative for either a collective or a class action.

### FIFTH AFFIRMATIVE DEFENSE

74. The complaint is frivolous, filed for improper purpose, and presents factual allegations that have no evidentiary support.

### SIXTH AFFIRMATIVE DEFENSE

75. Plaintiff has suffered no damage.

### SEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by bad faith.

**WHEREFORE**, Defendants demand judgment as follows:

A. Dismissing the Complaint in its entirety;

B. Awarding Defendants costs and reasonable attorney's fees and

C. Awarding Defendants other and further relief as is just and proper.

Dated: February 4, 2019
      Queens, NY

/s/ Pat B. Pitchayan
_____

Pat B. Pitchayan, Esq.,
Pitchayan & Associates, P.C.
*Attorneys for Defendants*
72-30 Broadway - 3rd Floor
Jackson Heights, New York 11372
Phone: 718-478-9272

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARIA DE LOURDES PEREA LUCERO**, individually and on behalf of other similarly situated<br><br>**Plaintiff,**<br><br>-against-<br><br>**YOUR BEAUTIFUL THREADING SALON, INC. (D/B/A BEAUTIFUL BROWS THREADING & NAILS), 1003 SWEET GIRL INC. (D/B/A BEAUTIFUL NAIL AND SPA), BEAUTIFUL BROWS, INC. (D/B/A BEAUTIFUL BROWS), ROXANNE DOE; SULEMA DOE, and RYMA DOE**<br><br>**Defendants.** | Civil Action No. 18-cv-09323-PGG<br><br><br>**CERTIFICATION OF SERVICE** |

State of New York          )
                                          ) ss.:
County of Queens         )

The undersigned, an attorney duly licensed to the practice of law in the State of New York, under the penalty of perjury affirms:

On February 4, 2019, I served a copy of Defendants' Answer to Complaint upon Michael Faillace & Associates, P.C., attorneys for Plaintiff at their office at 60 East 42nd Street, Suite 4510 New York, NY 10165 by depositing a true copy of the same, enclosed in a postpaid properly wrapped envelope, under the care and custody of US Postal Service within the state of New York, by 1st class mail.

Dated: Queens, NY
          February 4, 2019

/s/ Pat B. Pitchayan
_____
Pat B. Pitchayan, Esq.,
Pitchayan & Associates, P.C.
*Attorneys for Defendants*
72-30 Broadway - 3rd Floor
Jackson Heights, New York 11372
Phone: 718-478-9272